Charles N. Guthrie (SBN 76644)
Attorney at Law
121 Broadway, # 531
San Diego, California 92101
Tel:  619-230-8598
Attorney for Defendant

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### (HON.  TODD W. ROBINSON)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.   23 CR 01291 - TWR |
| ) | |
| Plaintiff,     ) | SENTENCE MEMORANDUM |
| ) | |
| v.                                              ) | Date:   May 9, 2024 |
| ) | Time:   9:30 A.M. |
| LUIS ALEJANDRO HEREDIA-    ) | Court:  Hon. Todd W. Robinson |
| OLACHEA,                                 ) | |
| ) | |
| Defendant.    ) | |
| _____ | |

NOTICE:  TO THE ABOVE-ENTITLED COURT, TARA MCGRATH, UNITED STATES ATTORNEY, BIANCA CALDERON PENALOZA, ASSISTANT UNITED STATES ATTORNEY:  On the date and time referenced above and in the Courtroom to which the matter is assigned, defendant Luis Alejandro Heredia-Olachea, by and through counsel will and herein files this Sentence Memorandum.

## I

## GOAL OF SENTENCE MEMORANDUM
### 36 MONTHS OR LESS

The goal of this sentence memorandum is to convince the court depart downward by way of variance/ and Safety Valve to a sentence of 36 months or

23 CR 01291- TWR

less.

Probation recommends that were Mr. Heredia to receive Safety Valve relief, Probation would recommend 48 months.  (PSR Pg. 25, Para. 138)  The Defense recommends 36 months or less, based on Defendant's Minor Role, College Education, Lack of Criminal Record, and history of working for a living.  Further, the Defense argues because of his lack of drug/ and mental health challenges, as well as his education it is likely he will not return to the Criminal Justice System.

II
STATEMENT OF CASE AGAINST MR. HEREDIA

**How Mr. Heredia Became Involved in the Conspiracy:**

Mr. Heredia became involved in this conspiracy to distribute drugs because of a money debt he owed to Cesar Landeros (co-defendant/ to be sentenced 5/9/2024, same date as Mr. Heredia).  Mr. Landeros had loaned Mr. Heredia $5,000.00 to finance a (fish transportation business, delivering fish to restaurants) which did not become a success and failed.  When Heredia asked how he could pay Landeros back, one of Landeros' friends told him he could get involved in the instant offense.  (PSR Pg. 14, Para. 64)  Mr. Heredia was arrested on his way to Las Vegas Nevada with 9 Kilograms of Cocaine in his effort to pay Mr. Landeros back for the $5,000.00 loan.  This was the only time Mr. Heredia knowingly moved drugs.

Mr. Heredia was for Mr. Landeros a driver of Landeros' vehicle (on one occasion to Las Vegas/ not the time he was arrested) and Mr. Heredia knew the visit was for talking to people about drugs.  Mr. Heredia did not attend the las Veas meetings.  Mr. Heredia accompanied Mr. Landeros across the border from Mexico to the United States on five occasions.  Mr. Heredia knew Landeros was involved

– 2 –

23 CR 1291 TWR

in drug smuggling and the prosecution has multiple suspicious jail conversations between Mr. Heredia and Landeros.  None-the-less, Mr. Heredia was not involved knowingly in moving drugs while in the conspiracy except on the one occasion he was arrested herein.  Heredia was involved in an ancillary manner, such that he drove Mr. Landeros to drug meetings and accompanied him crossing the border; however, he was not aware if on those occasions Mr. Landeros was smuggling drugs in Landeros' vehicle.  Mr. Heredia's "role" for specific drugs he was involved personally with transporting is when he was stopped with the Cocaine headed for Las Vegas, Nevada.  Mr. Heredia is not trying to wiggle out of the conspiracy but arguing he was not a major operator in the conspiracy.  He knew of the conspiracy and on this one occasion  he knew he was a mover of drugs in the conspiracy.

**Personal Factors:**     Mr. Heredia is (35) years-of-age, he has no children and is not married.  He studied for his Bachelor's Degree in Law, at the University of Baja California; however, did not complete his studies as his internship was interrupted when the attorney he was working under experienced an untimely death.

Probation contacted his mother and father in Mexico, and they relate they were shocked to find out about Mr. Heredia's current situation as in Mexico, he has never been involved with breaking the law.  Mr. Heredia is at a Zero Criminal History, Category I.  Mr. Heredia is close to his parents and grandparents and when he completes his sentence desires to move back to Ensenada, Mexico and live with his parents and work toward obtaining his legal degree.  He must start his studies in law over in that he did not finish his internship/ certification within four years of his graduating.

23 CR 1291 TWR

Mr. Heredia relates his childhood was good and presents with no drug, or mental health challenges.

**Positive Work Effort:**  After leaving high school Mr. Heredia was paid to play soccer and played for several semi-professional teams.  It went to college studying law, and from 2017, to 2019, he worked as a legal assistant at a law firm to obtain his certification to graduate; however, the attorney he was working for was murdered, the law firm closed and he lost his internship.

Mr. Heredia began working as a soccer referee in 2018, and continued on and off until his arrest in the instant case.  From January 2020, to April he worked at Futsal Planet in Ensenada, as an administrator for a soccer field.  That job ended because of the Covid-19 pandemic.

In Calendar years 2020, through 2022, Mr. Heredia attempted to start three seafood distributing companies catering to restaurants in Ensenada.  All these business efforts failed because Mr. Heredia could not find someone honest to work with him.  The names of the businesses were Arauz, Walher Distribution, and Naufragos.

**Minor Role Adjustment U.S.S.G.**:  Mr. Heredia makes a Minor Role Adjustment motion because he was told what to do and- he made no critical on necessary drug decisions or had the authority to do so, such as negotiate price, provide drugs, purchase drugs, provide transportation, decide time and place of transfer, nor did he have a proprietary interest in the drugs.

**Variance Motion under 18 U.S.C. 3553 (a):**  Mr. Heredia moves for a downward departure based on a combination of factors considering his lack of a criminal record, his efforts to graduate from college, the untimely death/ murder of the attorney he was working under to obtain his law certificate, his efforts at work and

– 4 –

23 CR 1291 TWR

starting his own business, and his ancillary relationship to the drug conspiracy he jointed.

## IV
## ARGUMENT

Mr. Heredia presents himself for sentence with an unusual combination of life events which argue for a chance for him to reestablish himself again and be a success in business as well as completing his college education, and should he fail- not make a wrong decision to get back on his feet. The argument with no criminal record, no drug problems, and no mental health challenges it is likely Mr. Heredia will succeed and not be back before the court. This is his first venture into prison and it has shocked him. His goals of working and going to school and graduating are highly possible as he has proven he can work and also that he can get through college. The court is asked give him a Minor Role Adjustment, as well as a variance as to his sentence for a 36 month or less sentence.

Respectfully submitted,

May 1, 2024


S/Charles N. Guthrie
Charles N. Guthrie, Atty at Law

– 5 –

23 CR 1291 TWR