TARA K. McGRATH
United States Attorney
BRANDON KIMURA
BIANCA CALDERON-PEÑALOZA
California Bar Nos.: 241120/324498
Assistant United States Attorneys
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-9614/8573
Email: brandon.kimura@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.:  23-CR-1291-TWR |
| Plaintiff, | United States' Supplemental Motion *in Limine* to Admit Defendant's Cellphone Evidence |
| v. | |
| LEONARD DARNELL GEORGE aka "The Goalie" (1) | The Honorable Todd W. Robinson |
| Defendant. | |

The United States moves to admit text messages and photographs extracted from Defendant Leonard Darnell George's ("Defendant") cellphone. *See* Exhibit 1, Trial Exhibits.[1] Defendant's cellphone was seized on Defendant's person incident to his arrest on June 30, 2023. The cellphone was then searched pursuant to a search warrant.

The United States moves to admit this evidence because even if the warrant was overbroad in the time period it authorized, the excess can be severed. Specifically, there is sufficient probable cause to collect information from January 1, 2022 to September 1, 2022.

//

---

[1] All other evidence the United States intends to use that may have been originally extracted from Defendant's phone has been located in Irasema George's phone, which this Court ruled admissible. Thus, this evidence has an independent source.

# I.

## STATEMENT OF THE CASE AND FACTS

The United States incorporates the Statement of Facts previously provided in the United States' Response in Opposition to Defendant's Appeal of the Magistrate Judge's Decision. Dkt. 157.

On June 30, 2023, Defendant was arrested pursuant to a warrant. Incident to his arrest, two phones were seized, one from his person and one from his backpack near his person. *See* Exhibit 2, Property Received. Agents sought and received a search warrant for both phones. *See* Exhibit 3, Search Warrant.

In the affidavit for the search warrant, the affiant noted that traffickers will use cellphones for, among other things, "telephone calls, text, web, and voice messages," and that the use of cellphones "tends to generate evidence that is stored on the cellular telephones, including, but not limited to emails, text messages, photographs, audio files, call logs, address book entries, IP addresses, social network data, and location data." *Id*. at pg. 8-9. This type of information could yield, evidence tending to "identify co-conspirators… or others involved," "travel to or presence at the location involved in the distribution of controlled substances," and the use of, or person with control" of the phone. *Id*. at pg. 10.

The probable cause portion described an interview with an individual who identified Defendant, through his nickname, as a corrupt Customs and Border Protection Official who was pointed out to him at an adult establishment called "Hong Kong." *Id*. at pg. 8. The individual noted that this happened sometime prior to January 30, 2022. *Id*. at 7-8. The affidavit also described smuggling attempts through April 2022 and that Defendant had been in contact with co-conspirator GALVAN through September 2022. *Id*. at pg.6-15. Based on all of this, the search warrant sought authorization to seek evidence of crimes on the phone "for the period of October 21, 2021, up to and including June 30, 2023." *Id*. at pg. 3.

The United States now seeks to sever any excess and preserve those portions consistent with the Fourth Amendment by amending the date range from January 1, 2022 to September 1, 2022.

## II.

## STATEMENT OF THE CASE

The United States incorporates the Statement of Case previously provided in the United States' Response in Opposition to Defendant's Motions *in Limine*. Dkt. 157.

On May 16, 2024, the Court granted in part and denied in part Defendant's Motion to Suppress and Motions *in Limine*. This included suppression of a residential search warrant of Defendant's home.

On May 31, 2024, this Court granted the United States' Motion to Admit Cellphone Evidence, specifically Irasema George's cellular phone based on her cooperation and consent. Defendant also challenged the admissibility of Defendant's phone seized at the time of his arrest at the status held before this Court. The Court noted that the issue had not yet been raised or decided.

This motion follows.

## III.

## ARGUMENT

While this Court has previously found that a similar residential search warrant was invalid for staleness because it lacked sufficient probable cause, the cellphone search warrant at issue here is distinguishable. Any excess in the cellphone warrant is readily severable, allowing the remainder to be admitted. This is because the digital evidence collected from cellphones is easily segregated by creation date, allowing the Court to easily determine a time period where probable cause existed, and whether each individual piece of evidence was created within that period.

1.    **Applicable Law – Severance**

"Partial suppression is proper under this circuit's doctrine of severance, which allows a court 'to strike from a warrant those portions that are invalid and preserve those

1   portions that satisfy the fourth amendment.'" *United States v. Sears*, 411 F.3d 1124, 1129
2   (9th Cir. 2005) (quoting *United States v. Gomez-Soto*, 723 F.2d 649, 654 (9th Cir. 1984)).

3          "Total suppression, on the other hand, is appropriate when a warrant is wholly
4   lacking in particularity." *Id*. "In general, we do not allow severance or partial suppression
5   'when the valid portion of the warrant is a relatively insignificant part of an otherwise
6   invalid search.'" *United States v. SDI Future Health, Inc.*, 568 F.3d 684, 707 (9th Cir.
7   2009). However, even when the valid portion of the warrant is smaller than the invalid
8   portion, severance may be appropriate if it was "a principal portion" of the evidence the
9   government sought. *Id*. Total suppression is also appropriate if there are "serious
10  particularity defects." *Sears*, 411 F.3d at 1130.

11         The doctrine of severance requires that "identifiable portions of the warrant be
12  sufficiently specific and particular to support severance." *United States v. Spilotro*, 800
13  F.2d 959, 967 (9th Cir.1986). Courts should also consider "the relative size of the valid and
14  invalid portions of the warrant in determining whether severance is appropriate." *Sears*,
15  411 F.3d at 1130. The flagrancy of the violation is also a consideration. *United States v.*
16  *Crozier*, 777 F.2d 1376, 1381 (9th Cir.1985).

17  **2.      The Cellular Phone Warrant is Severable.**

18         In this case, the similar residential search warrant was previously found invalid
19  because it was stale. *See* Exhibit 4, Residential Search Warrant. Attachment B for that
20  warrant authorized the seizure of nine different categories of evidence. Only one of these
21  categories included electronic records, including cellular phones, for a period of "January
22  24, 2021 to, and including, the day the phone is seized pursuant to this warrant, on cellular
23  telephones used by and/or belonging to Target Subject." *Id*. at pg. 6-7. The Court found
24  the entirety of the warrant invalid because there were insufficient "fresh" facts to find a fair
25  probability that the evidence sought continued to exist at the residence on June 30, 2023,
26  long after Defendant was relieved from primary duties in June of 2022.

27         By contrast, the cellular search warrant only sought digital information, "for the
28  period of October 21, 2021, up to and including June 30, 2023." Exhibit 3, Search Warrant

at pg. 3. While the United States concedes that the original date range may still be invalid, it believes that severing the excess beyond an amended date range of January 1, 2022 to September 1, 2022, is appropriate.

While this new range eliminates 73 days from the beginning of the original warrant, and 10 months from the end of the original warrant, this smaller range still represents the "principal portion" of the evidence the United States originally sought in that it is in the heart of the range in which the affidavit alleges the conspiracy was active and that Defendant was also communicating with his co-conspirator Galvan. *See SDI Future Health, Inc.*, 568 F.3d at 707; Exhibit 3, Search Warrant at pgs. 6-15. It is also narrower than the residential search warrant, seeking only 1 of 9 categories that warrant sought. *See* Exhibit 4, Residential Search Warrant. Thus, while electronic data was arguably an insignificant portion of the residential search warrant, it is the entirety of the cellphone warrant. The new date range also makes the narrower cellphone warrant sufficiently specific and particular to support severance. *Spilotro*, 800 F.2d at 967.

The nature of the evidence sought also makes it suitable for severance. The text messages that the United States may seek to use are clearly labeled with the dates they were sent and received (March 25, 2022). Exhibit 1, Trial Exhibits. Similarly, the pictures also contain metadata that shows when they were created. *Id*. Collectively, all of the currently identified potential exhibits were created between February 21, 2022 to August 19, 2022, well within the proposed amended time period of January 1, 2022 to September 1, 2022.

Finally, as this Court has previously found, the flagrancy of the prior violation (the residential search warrant) was not significant. The cellular search warrant, while it suffers from some of the same flaws differs in that cellphone, as courts have universally recognized, differ significantly from analog or physical searches. Modern cellphones are "in fact minicomputers that also happen to have the capacity to be used as a telephone. They could just as easily be called cameras, video players, rolodexes, calendars, tape recorders, libraries, diaries, albums, televisions, maps, or newspapers." *Riley v. California*,

573 U.S. 373, 393 (2014). They have "immense storage capacity," and even the most basic cellphones "might hold photographs, picture messages, text messages, Internet browsing history, a calendar, a thousand-entry phone book, and so on." *Id*. at 394. Notably, courts have found that the information stored on cellphones "can often be found months or even years after it occurred for multiple reasons -- the low cost of data storage, ....and the common practice to transfer data from an old device to a new device when the old device is replaced." *United States v. Akparanta*, No. 19 CR. 363 (LGS), 2019 WL 5616875, at *2 (S.D.N.Y. Oct. 30, 2019) (citing an agent's experience regarding data retention in cellphones in an affidavit, quotations omitted).

Based on the information set forth in the affidavit, there was a fair probability that evidence of the crimes created between January 1, 2022 to September 1, 2022, continued to exist on the phone at the time it was seized and later searched.

## IV.

## CONCLUSION

For these reasons, the United States respectfully requests that the Court admit the from Defendant's cellphone created between January 1, 2022 to September 1, 2022.

DATED: June 3, 2024

Respectfully submitted,

TARA K. McGRATH
United States Attorney

*/s/ Brandon J. Kimura*
BRANDON J. KIMURA
Assistant United States Attorney

6

1

2

**UNITED STATES DISTRICT COURT**

3

**SOUTHERN DISTRICT OF CALIFORNIA**

4   UNITED STATES OF AMERICA,          Case No.: 23-CR-1291-TWR

5

6                Plaintiff,            **CERTIFICATE OF SERVICE**

7

8          v.

9

10  LEONARD DARNELL GEORGE aka

11  "The Goalie" (1),

12                Defendant

13         IT IS HEREBY CERTIFIED THAT:

14

15         I, BRANDON J. KIMURA, am a citizen of the United States and am at least eighteen

16  years of age.  My business address is 880 Front Street, Room 6293, San Diego, California

17  92101-8893.

18         I am not a party to the above-entitled action.  I have caused service of the United

19  States' Supplemental Motion *in Limine* to Admit Defendant's Cellphone Evidence, on the

20  following parties by electronically filing the foregoing with the Clerk of the District Court

21  using its ECF System, which electronically notifies them:

22         Antonio Yoon, Esq.

23  Attorney for Defendant LEONARD DARNELL GEORGE

24         I declare under penalty of perjury that the foregoing is true and correct.

25  DATED:  June 3, 2024

26                                      /s/Brandon J. Kimura
                                        BRANDON J. KIMURA
27

28