**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 23CR1291-TWR |
| Plaintiff, | |
| v. | **FINAL JURY INSTRUCTIONS** |
| LEONARD DARNELL GEORGE, aka "The Goalie," | |
| Defendant. | |

**INSTRUCTION NO. 1**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

## INSTRUCTION NO. 2

The superseding indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless the jury unanimously finds that the government has proven the defendant guilty beyond a reasonable doubt.   In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

23CR1291-TWR

**INSTRUCTION NO. 3**

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

# INSTRUCTION NO. 4

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

23CR1291-TWR

# INSTRUCTION NO. 5

The evidence you are to consider in deciding what the facts are consists of:

(1)   the sworn testimony of any witness;

(2)   the exhibits received in evidence; and

(3)   any facts to which the parties have agreed.

23CR1291-TWR

# INSTRUCTION NO. 6

In reaching your verdict you may consider only the testimony, exhibits received in evidence, and stipulated facts.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.      Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.      Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3.      Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 7**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

# INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**INSTRUCTION NO. 9**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the superseding indictment.  The defendant is not on trial for any conduct or offense not charged in the superseding indictment.

**INSTRUCTION NO. 10**

A separate crime is charged against the defendant in each count of the superseding indictment.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

**INSTRUCTION NO. 11**

You have heard testimony from Cesar Enrique Landeros, Mario Angel Gutierrez and Esteban Galvan, witnesses who pleaded guilty to a crime arising out of the same events for which the defendant is on trial.  The guilty pleas of those witnesses are not evidence against the defendant, and you may consider it only in determining those witnesses' believability.

In evaluating the testimony of Cesar Enrique Landeros, Mario Angel Gutierrez and Esteban Galvan, you should consider the extent to which or whether those witnesses' testimony may have been influenced by this factor.  In addition, you should examine the testimony of Cesar Enrique Landeros, Mario Angel Gutierrez and Esteban Galvan with greater caution than that of other witnesses.

**INSTRUCTION NO. 12**

You have heard testimony from Irasema George and Isaac Nunez, witnesses who received immunity.   Their testimony was given in exchange for a promise by the government that the testimony would not be used in any case against those witnesses.

In evaluating the testimony of Irasema George and Issac Nunez, you should consider the extent to which or whether their testimony may have been influenced by this factor.   In addition, you should examine the testimony of Irasema George and Isaac Nunez with greater caution than that of other witnesses.

**INSTRUCTION NO. 13**

The defendant is charged in Count One of the superseding indictment with: beginning no later than October 21, 2021, and continuing to June 8, 2022, receiving a bribe in violation of Section 201(b)(2) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant was a public official;

Second, the defendant demanded, sought, received, accepted, or agreed to receive or accept something of value in return for being induced to do or not to do an act in violation of defendant's official duty, that is, failing to enforce the controlled substances and customs laws of the United States by allowing narcotics laden vehicles to enter the United States; and

Third, the defendant acted corruptly, that is, intending to be influenced to do or to omit to do an act in violation of the defendant's official duty.  A public official acts "corruptly" when he accepts or receives, or agrees to accept or receive, a thing of value, in return for being influenced with the intent that, in exchange for the thing of value, some act would be influenced.

**INSTRUCTION NO. 14**

The defendant is charged in Count Two of the superseding indictment with conspiring to import methamphetamine in violation of Sections 952, 960, and 963 of Title 21 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on a date unknown and continuing up to and including May 17, 2023, there was an agreement between two or more persons to import more than 500 grams of a mixture and substance containing a detectible amount of methamphetamine into the United States from a place outside thereof;

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.

Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely

15                                                      23CR1291-TWR

by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

23CR1291-TWR

**INSTRUCTION NO. 15**

The defendant is charged in Count Three of the superseding indictment with conspiring to distribute methamphetamine in violation of Sections 841(a) and 846 of Title 21 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on a date unknown and continuing up to and including May 17, 2023, there was an agreement between two or more persons to distribute more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine; and,

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.

Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely

23CR1291-TWR

by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

23CR1291-TWR

## INSTRUCTION NO. 16

If you find the defendant guilty of the conspiracy charge in Count Two [Conspiracy to Import Methamphetamine] of the superseding indictment, you are then to determine whether the government proved beyond a reasonable doubt that the amount of methamphetamine that defendant conspired to import exceeded 500 grams of a mixture and substance containing a detectible amount of methamphetamine.

If you find the defendant guilty of the conspiracy charge in Count Three [Conspiracy to Distribute Methamphetamine] of the superseding indictment, you are then to determine whether the government proved beyond a reasonable doubt that the amount of methamphetamine that defendant conspired to distribute exceeded 500 grams of a mixture and substance containing a detectible amount of methamphetamine.

**INSTRUCTION NO. 17**

The defendant is charged in Count 5 and 6 of the superseding indictment with conspiring to Bring in Certain Aliens for Financial Gain in violation of Section 371 of Title 18 and 1324(a)(2)(b)(ii) of Title 8 of the United States Code. For the defendant to be found guilty of each of those charges, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on a date unknown and continuing up to and including June 8, 2022, there was an agreement between two or more persons to bring three or more undocumented aliens into the United States for the purpose of private financial gain; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby

23CR1291-TWR

become a conspirator.   Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful.   A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy.   The government is not required to prove that the defendant personally did one of the overt acts.

## INSTRUCTION NO. 18

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

### INSTRUCTION NO. 19

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website, or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

> The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

23CR1291-TWR

**INSTRUCTION NO. 20**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

# INSTRUCTION NO. 21

The punishment provided by law for the crimes charged in the superseding indictment is for the court to decide.   You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

# INSTRUCTION NO. 22

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

**INSTRUCTION NO. 23**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

22CR1721-TWR